Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Isreal Cruz |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☒ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

$140.00 per Month for 60 months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

Debtor    Isreal Cruz    Case number _____

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☒ Debtor(s) will treat income refunds as follows:
**The following tax years are proposed to be contributed [2024, 2025, 2026]. On or before April 30 of each applicable year, debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. Any required tax refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is filed.**

**The Debtors are authorized to retain any Earned Income Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtors.**

**The Debtors shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000. However, debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the plan may reduce the plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) or sixty (60) Plan Payments plus all annual tax refunds required to be paid into the plan.**

**For the first tax year contribution [2024] the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount. If a pot to unsecured creditors is required, the Debtor(s) will have thirty (30) days from receipt of such calculation to file a motion to modify the plan to provide for the required return to unsecured creditors or to stipulate to an order modifying the plan, which order will be prepared by the Trustee. The Debtor(s) must satisfy plan feasibility through either increased monthly plan payments or the turnover of a lump sum contribution of the current tax refund. If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e). If the Debtor(s) fail to file a motion to modify, the Trustee will move to dismiss the Debtor(s)' case. The Debtor shall contribute any refund attributable to overwithholding of wages that exceeds $1,000.**

**2.4 Additional payments.**
*Check one.*
☒ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $8,400.00.

| Part 3: | **Treatment of Secured Claims** |

**3.1    Maintenance of payments and cure of default, if any.**

*Check one.*
☒ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2    Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☒ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4    Lien avoidance**.

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

Debtor    Isreal Cruz                                        Case number

**3.5**    **Surrender of collateral.**

*Check one.*
☒    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | Treatment of Fees and Priority Claims |

**4.1**    **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**    **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be <u>10.00</u>% of plan payments; and during the plan term, they are estimated to total $<u>840.00</u>.

**4.3**    **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $<u>3,500.00</u>.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☒    The debtor(s) estimate the total amount of other priority claims to be $<u>600.00</u>

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☒    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | Treatment of Nonpriority Unsecured Claims |

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☒    The sum of $   2,250.00   .
☐    _____% of the total amount of these claims, an estimated payment of $_____.
☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $   <u>2,250.00</u>   . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one*.

☒    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Debtor    Isreal Cruz    Case number _____

☒ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

*Insert additional contracts or leases as needed.*

## Part 7:    Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon**
*Check the applicable box:*
☐ plan confirmation.
☐ entry of discharge.
☒ other:    The income of the debtor shall remain property of the estate throughout the bankruptcy and not vest in the debtor pursuant to 11 U.S.C. Section 1327(b). The debtor's remaining property will vest upon confirmation.

## Part 8:    Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

(1) Adequate Protection Payments. If the debtor seeks to pay Adequate Protection Payments to holders of secured claims, the requirements of Local Rule 2083-1(d) apply.
(2) Applicable Commitment Period. The applicable commitment period for the Plan is 36 months for below median cases and 60 months for above median cases, as required by § 1325(b)(4). The number of months listed in Part 2.1 for which the debtor will make regular payments is an estimate only; the applicable commitment period stated here dictates the term of the Plan. Any below median case may be extended as necessary not to exceed 60 months to complete the Plan payments. The Applicable Commitment Period is 36 months.
(3) Direct Payment of Claims. If the debtor elects to pay a claim directly and that claim is not one which the Plan allows to be paid directly, the direct payment designation will be listed below as a nonstandard provision. For all claims the debtor elects to pay directly, Local Rule 2083-2(i)(4) applies.
Claims to Be Paid Directly:
(4) Third-Party Payment of Claims. If the Plan provides that a nondebtor shall pay a claim directly, the third-party payment designation will be listed below as a nonstandard provision. For all claims the Plan provides will be paid by a third party, Local Rule 2083-2(k)(1) may apply. Upon request, the debtor must furnish the name and contact information for the third-party payor. Claims to Be Paid by a Third Party:
(5) Lien Avoidance Under § 522(f). If the debtor moves to avoid a lien under §522(f), Local Rule 2083-2(j) applies.
(6) Interest on Oversecured Claims. If the debtor proposes to pay an oversecured claim a nonstandard rate of interest or interest accuring prior to confirmation of the Plan, such nonstandard treatment must be specifically stated below, including the identity of the secured creditor and the proposed interest rate accrual.
Claims to be paid Interest on Oversecured Claims:
(7) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.
(8) Any order confirming this Plan shall constitute a binding determination that the Debtors have timely filed all of the information required by 11 U.S.C. § 521(a)(1).
(9) Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full as part of Class 5 as set forth in Local Rule 2083-2(e), with interest at the rate set forth in the proof of claim or at 0 % per annum if no interest rate is specified.
(10) Reserved

Debtor     Isreal Cruz                                          Case number

---

**Part 9:  Signature(s):**

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  /s/ Isreal Cruz                              X  _____
Isreal Cruz                                     Signature of Debtor 2
Signature of Debtor 1

Executed on   July 30, 2024                     Executed on  _____

X  /s/ Justin Myers                             Date   July 30, 2024
Justin Myers
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | Isreal Cruz | Case number | |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | | |
|---|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | | $4,940.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | | $2,250.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + | $0.00 |
| | **Total of lines a through j** | | $7,190.00 |